Sunny Handicraft v. Envision This! is for argument next. Good morning and may it please the Court. Your Honor, is this... Counsel, I will call your name when we're ready. I usually allow opposing counsel to find a seat. Mr. Lechinger. I'll start again. Thank you, Your Honor. Good morning and may it please the Court. And thank you for pronouncing my name correctly. We have appealed a small portion of the lower court's rulings and the jury's verdict. And I take a jury's verdict seriously and know it's a very difficult hurdle to overcome, to overturn a jury's verdict. We're focused on the fraud claim. And what I'd like the Court to focus on, what I would ask the Court to focus on, is this really all started in January of 2013 when the parties got together in China and talked about, as they had done many times... Before you go too far down that road, your challenge is really to the sufficiency of the evidence. Is that correct on the fraud claim? Well, we didn't really make a sufficiency of the evidence argument. As far as the fraud by omission, we think it's a de novo issue. Our primary argument is that there's not a special relationship that's required under Illinois law. Did you ever raise that issue with the district court below? That sounds to me like you're saying it's a jury instruction issue and the jury was not correctly instructed on the fiduciary relationship or special relationship. Did you ever raise that below? Prior counsel did not raise it below. So how can you raise that legal issue for the first time on appeal? Well, we raised the issue before the district court, first of all, in our Rule 50B motion. And the court took it up on the substance. And this court has ruled that even if an issue was supposed to have been brought up earlier, if the district court does take it up and rules on it, this court has jurisdiction. But look, why did Envision not raise the duty to disclose issue in its Rule 50A motion? Why was that not the time to preserve a claim that the evidence presented at trial was insufficient to create a duty to disclose as is required for fraudulent concealment? I mean, our case law is clear that you can't bring a 50B for an issue that's not raised in a 50A. And I didn't see any mention of it in the oral Rule 50A motion. It's a fair question, Your Honor. And I could play Monday morning quarterback and tell you how I would have done it differently, especially with all this time. But I think the easiest answer is this. The issue that was raised in 50B is a legal issue. It's whether or not there is a special relationship. You're not answering Judge Rovner's question, which is whether you are entitled to raise in a Rule 50B motion an issue that was not raised under Rule 50A. I'm trying to answer the question. Saying it's legal doesn't answer the question. But saying that it's an issue for the court to decide and not for the jury to decide, I think, makes a big difference, especially in the context here. Do you have some precedent for that view? Do I have precedent for the view that it's a... For the view that you don't have to raise legal issues in order to preserve them later for Rule 50B motions. Do you have precedent for that? I don't... My issue is this. Judge, the district court expressly separated out the issue of whether there's a fiduciary duty to be determined after the jury issued its verdict. My question is whether you have precedent for the legal position you are taking. The answer is no. I don't have precedent for this specific context. I think there's a lot of contrary precedent. I believe that in this set of circumstances, when the issue is not one that goes to the jury, the jury was never going to be charged with deciding whether there is a special relationship. So the only issue that could have been brought up at that point would have been... Why not? Yeah, why not? The jury might be asked to decide whether there was an agency relation. The jury might be asked to decide whether a particular falsehood was material. There are all sorts of things that are within the purview of the jury. They're influenced by legal rules. But that's just to say that we have a mixed question of law and fact. I believe that most of what the jury would have been instructed, had it been raised, I would have raised it, would be... Of course, but it wasn't. There were no requests for jury instructions on these issues. But the only issue that... You don't think materiality is an issue that can be raised to a jury? Materiality... You don't think the existence of an agency relation is an issue that can be raised to a jury? Under Illinois law, no. It's reserved for the district judge. That's another problem. What issues go to a jury in a federal case is an issue of federal law, not of state law. Federal procedure governs in federal court. That's another pretty fundamental rule. Your Honor, the Illinois pattern jury instructions were followed by the district judge, and they expressly exclude any reference to the agency question. Look, what issues are tried to a jury in federal court depends on federal law, not state law. As I say, that's a foundational principle. And I submit, Your Honor, respectfully, a special relationship, which is a prerequisite to a finding of fraud by concealment, does not go to the jury. And it was not suggested that it should. What federal law decision supports that proposition? I don't have a federal law decision, and it was not challenged by the plaintiffs in the case, Your Honor. But the question of whether or not the defendant concealed a material fact under circumstances that created a duty to speak is an element of the claim. And your argument is that that duty was created by a special relationship. It has to be by a special relationship. And the jury could have been instructed on that, because that's an element of the claim. The jury could have been instructed that it is a requirement that there's a special relationship, but it would have been followed up with, but that's going to be for the court to determine. So I agree with you that it would have been cleaner to raise it and say that the jury should be instructed to this, and they should be told whether or not the district court believes there is a special relationship. That didn't happen. I can't change what happened with prior counsel at the district court. But what I can say is the evidence is overwhelming that there was not a special relationship. And the district court's rule 50B, no, actually the district court's trial ruling after the jury returned its verdict that there was no fiduciary relationship, and therefore no breach of fiduciary duty, and no issue of trust or overbearing conduct or anything along those lines, then to come back and find that there was a special relationship. Well, a special relationship is different than a fiduciary duty. Barely. And this court has said in the absence of a, when there's a finding of no fiduciary duty, and I have not found a case where there has been a finding of no fiduciary duty, but a finding of special relationship, it is an enormous burden and it almost never happens. I'm not perfectly quoting the case, but that's what the law is in this circuit. So as it relates to, so the district court did find that there was no special relationship. So going all the way back to your questions, Judge Easterbrook, and yours, Judge Roedmeier, the jury would have, had it been raised, the district court would have instructed, I don't find that there's a special relationship there. I don't know how you can say the district court would have found no special relationship. There is nothing in any ruling by the district court that says that, and that question was never presented to the district court. No disagreement that that specific question wasn't put before trial to the district court. So the court never ruled on it. So to come up here and say that the court would have instructed the jury that there was no special relationship, I'm not sure how you can say that. Well, ESP is one possibility, but I don't think that's common. I don't think that's reviewable. ESP, no, but hindsight perhaps in his ruling. You cannot say that a court made a specific ruling or would have instructed a jury as to a specific ruling when the district court never made that specific ruling. The district court did make that specific ruling. The court never said that there is no special relationship. The court ruled on the fiduciary duty in the context of a separate claim. In the context of a separate claim, which this court has said you can almost never find a special relationship when you find no fiduciary duty. So closer in time, this was right after trial when he made his finding, he went on beyond just saying there's no fiduciary duty. He went through a whole bunch of different factors and found that there was no severe disadvantage in relation to the parties and specifically found that the plaintiffs have pointed to nothing to suggest a particularly special role. Those are his words. So I don't know how we can have that finding but still have the district court instruct the jury that there's a special relationship. Five seconds, out of time. Thank you. Thank you, counsel. Mr. Macy. Thank you, Your Honor. May it please the court, Eric Macy on behalf of the plaintiffs of Paliz along with Julie Johnston-Allen who participated with me on the briefing here as well as in the trial court before Judge Lee. What counsel, not only did they not raise this legal issue at summary judgment, they didn't raise it in motions of limine which they filed. They didn't raise it at the pretrial conference when they filed. They didn't raise it in their 50A motion. At no point in time was this raised. Indeed, they agreed with the jury instructions which included and permitted the jury to make a decision based on concealment as well as misrepresentation. Do you agree, Mr. Macy, that this, whether or not there was a special relationship is something that was in the sole discretion of the court to determine as opposed to the jury? Absolutely. Yes, I do agree with that. And he did make a determination on that when he entered his order in their post-trial motions that there was a special relationship. And he expressly cited the Supreme Court decision of Illinois, the Connick v. Suzuki case. And Illinois law applies here because it's diversity jurisdiction. And Connick v. Suzuki, he said, a special relationship includes not only the fiduciary relationship that Mr. Lechinger relies on, but it also includes what they call experience and friendship. And he relied on the experience concept because for six years prior to 2013, the exact same relationship existed between the parties. Every single time Envision would obtain orders from Walgreens for merchandise, holiday merchandise. They would submit those orders to the plaintiffs. The plaintiffs would take those orders and create confirmation forms which listed the would be every single time in those six years. They listed Sonny Handicraft as the beneficiary. The district court found that Envision was not the plaintiff's sales agent. That's correct, Your Honor. Are you arguing that the court erred in making that finding or that Envision was the plaintiff's agent for some other limited purpose such as delivering the commercial? I'm not making that argument. May I finish? Oh, please. I'm sorry. Thank you. Such as delivering the confirmation forms? No, I'm not making that argument. The argument I'm making is, as Judge Lee said in his post-trial ruling and that we agree with, is that the relationship between the parties for the six years prior to 2013 was a relationship that resulted in Sonny Handicraft proposing trust and confidence in Envision to ensure that when Sonny Handicraft submitted the confirmation forms and identified itself as the beneficiary, as it always did, and relied on Envision to provide those confirmation forms to Walgreens, that in all cases the letter of credits would have been posted in the name of Sonny at all times because that was the relationship of the parties. And that experience, that experience relied on by Mr. Huang on behalf of Sonny was sufficient to create the special relationship independent of whether there was an overall fiduciary duty between the parties with respect to all aspects of the relationship. He makes that distinction, that very clear distinction in his order. Does that answer your question? Would you concede that the district court erred in finding that the duty to disclose issue should have been raised in a summary judgment motion? Is there ever an obligation to seek summary judgment? I agree with you. Oh, yay! I think he was limited in his argument that it should have been raised in summary judgment. However, I don't think that changes the law that it should have been raised before it was submitted to the jury. Remember, what the defendant wants to argue here is, gee, we submit jury instructions to the court that says, oh, by the way, okay, you can rule on concealment as well as misrepresentation. And then after the verdict is rendered, okay, we can waste the court's time, we can waste the jury's time, and we can all of a sudden make a decision now as to whether there was a special relationship. I think that is not what the law says. They still, no matter what, had to raise it before it was submitted to the jury. Moreover, Judge Lee, if I recall, cited a Ninth Circuit decision which expressly says that you have to raise it before it's submitted to the jury. Okay. But his limitation to what was the summary judgment, which is the only time they ever raised legal issues, I think was inappropriate to raise it, just limited to that point in time. But I'd like to also tell the court, we argue that a special relationship is not the only basis on which you can find concealment, which seems to be what the defendant, Appellant, wants to argue here. You can find, as far as Illinois law is concerned, once Mr. Huang made inquiries about whether or not he was getting a letter of credit, and he did make those inquiries, and Mr. Hetzler, one of the two members of Envision, responded to him and obfuscated as to whether he was going to get the letter of credit. Oh, Walgreens is delaying. Oh, it's not there yet. Oh, there's problems with the purchase orders. Once he opened his mouth, with all due respect, he then had a duty to disclose the truth. You can't give half-truths in this business transaction. And as we also cited, there's an abundance of Illinois case law, okay, as well as two Northern District cases that says the following. Look, when you're in a business transaction, okay, and you omit a material fact and repeatedly omit a material fact, that the other person has an expectation to the contrary is going to happen, and you just ignore it the whole time, that is sufficient to demonstrate a duty to speak. That's exactly what happened here. The very first confirmation form that went out in, I believe, May of 2013. What did Mr. Hetzler do? He redid it, and he put Envision as the letter of credit beneficiary, and he did it five more times, okay, notwithstanding the fact that Mr. Huang consistently expected for six years there would always be sunny handicraft. And that omission, that repeated omission. I'd like to take you in a different direction. I'm sorry? A different direction. Has the judgment for breach of contract been paid? No. Is there a supersedious bond? No. Then why are we disputing the judgment for fraud? The main part of this judgment is the $3 million judgment for breach of contract. Thank you. If you can't collect that, why are we having this fight about fraud? Sure. I'll tell you why. Defendant is a limited liability company with two members. I would have to register this judgment in Florida and go after an LLC in Florida. It's very difficult to collect in Florida because the collection, the post-judgment rules are very different than they are in the state of Illinois, okay? Moreover, what would happen is the defendant has already filed a bankruptcy. It was since dismissed. So what happens is that they're trying to, they would file a bankruptcy. Whoa, whoa, whoa. Envision this is filed for bankruptcy. And it's been dismissed. Has the bankruptcy judge lifted the automatic stay? No. It's over. They dismissed the bankruptcy. How can we be here if they're in bankruptcy? They're not in bankruptcy. It was dismissed. Are they in bankruptcy or not? They're not in bankruptcy. Okay. It was dismissed. But bankruptcy, okay, if they get this dismissed, if they do file subsequent bankruptcy again, okay, I can argue that a valid fraud judgment, okay, isn't discharged, is not dischargeable. However, okay, if for some reason you reversed, and I sure don't believe you should, if you reversed, okay, the fraud judgment wouldn't be there. They could file their bankruptcy. They'd get home clean. But right now I've got a fraud judgment that wouldn't be discharged. You can't keep filing for bankruptcy and dismissing it and refiling. They have 90 days. They can refile, I believe. Let's go back. Tell me exactly when the bankruptcy was filed and when it was dismissed. I can't tell you exactly, but it was last year. I'm just stunned that this case is in the Court of Appeals and we haven't had formal information about bankruptcy proceedings. Well, because it wasn't part of the record of this case below, with all due respect. They filed a bankruptcy, okay. This case was stayed. They filed status reports with this court as to the status of the bankruptcy.  I don't know why you keep saying okay, but were we notified about these dates? Absolutely. It's in the record. They had to file status reports. You required them to file status reports. Because there was a stay on here when the bankruptcy was originally filed. Exactly. And then they reported to you that the stay was gone because the bankruptcy was over, and then you set this up for the hearing. And that's within—the bankruptcy was dismissed within 90 days of today? Oh, yes. Oh, yes. Oh, yes. So if they get the— We must be having some problem with the clerk's office because none of these notices came to me. I don't know why, but we got notices. Where was the bankruptcy filed? Here? I believe sometime in 2021. But here, here, or in Florida, or in where? I believe here. What? Here? No, it was the Southern District of Florida. Southern District of Florida. Thank you. But that's where Envision is located. So the fraud judgment would not be dischargeable in a bankruptcy. So that's a reason to get it reversed. Also, okay, there's an argument that, you know, that the two members actively participated in the fraud, so I could conceivably go to Florida, get the judgment, and go after them individually, rather than the corporation—the LLC, which has limited assets. And I have a—not only fraud, I have punitive damages amount, and, you know, prejudgment interest has been accruing this whole time, so there's a significant dollar amount. Are you ever going to see a penny, do you think? Am I going to see a penny? Well, we received a penny from Walgreens because of the unjust investment judgment that was there, and I believe ultimately we will receive something. Yes. My time is up. Thank you for your time. I greatly appreciate it. Well, thank you very much, but we will be investigating this bankruptcy business, and after we do, maybe the case will be taken under advisement. All right.